UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, AS BROADCAST LICENSEE OF THE SEPTEMBER 15, 2018 SAUL CANELO ALVAREZ V. GENNADY GGG GOLOVKIN II CHAMPIONSHIP FIGHT PROGRAM; *Plaintiff* <br><br> v. <br><br> 2120 PACHANGA, LLC, INDIVIDUALLY; AND MARTIN HERRERA, INDIVIDUALLY; *Defendants* | No. 1:21-CV-00809-RP |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Motion for Final Judgment and Brief in Support, Dkt. 14. The District Court assigned this matter to the undersigned for report and recommendation.

**I.   BACKGROUND**

This is an "Anti-Piracy" case involving the Federal Communications Act of 1934, as amended. The Communications Act combats against the piracy of radio and television signals. 47 U.S.C. §§ 553, 605. In this case, Defendants: (1) 2120 Pachanga, LLC, individually, and d/b/a Club Pachanga; and (2) Martin Herrera, individually, and d/b/a Club Pachanga illegally intercepted the closed-circuit telecast of the

1

September 15, 2018, Saul "Canelo" Alvarez v. Gennady "GGG" Golovkin II Championship Fight Program and exhibited the event in Defendants' commercial establishment named Club Pachanga and located at 2120 E. Riverside Drive, Austin, Texas 78741, without Plaintiff's authorization and without paying the licensing fee to Plaintiff. On September 13, 2021, Plaintiff sued Defendants for violations of the Communications Act of 1934, 47 U.S.C. §§ 553, 605. Dkt. 1. Plaintiff now moves for default judgment on its claims.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment—"a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A default occurs when a defendant fails to plead or otherwise respond to the complaint within the allotted time, thereby entitling the plaintiff to apply for judgment based on such default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). If a default occurs and the United States District Clerk enters default, the movant may "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A district court need not grant a default judgment; the rendering of a default judgment is discretionary. *Lewis*, 236 F.3d at 767. A party is not entitled to a default judgment as a matter of right—even when the defendant is technically in default. *Id.*

Federal Rule of Civil Procedure 55(b)(2) governs applications for default judgment. A default judgment is available if the movant establishes: (1) the defendant was served with summons and complaint and default was entered for the defendant's failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service; and (4) if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment. Fed. R. Civ. P. 55; 50 U.S.C. § 3931. The movant must also make a prima facie showing of jurisdiction. *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).

By failing to answer a complaint, a defendant admits the plaintiff's allegations of fact, and the facts are deemed admitted for the purposes of the judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant against whom the court renders default judgment is barred from contesting these facts on appeal. *Id.* Still, "[a] default judgment is unassailable on the merits … only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr.*, 515 F.2d at 1206); *see also* Fed. R. Civ. P. 8(a)(2). "Put another way, '[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Wooten*, 788 F.3d at 496 (quoting *Nishimatsu Constr.*, 515 F.2d at 1206) (alteration in original).

## III.  ANALYSIS

On September 13, 2021, Plaintiff filed Plaintiff's Original Complaint against

Defendants. Dkt. 1. Defendants were served on October 20, 2021. Dkts. 6, 7. On July 17, 2022, Plaintiff filed its Plaintiff's Request for Entry of Default requesting the entry of default against Defendants. Dkt. 9. On July 18, 2022, the Clerk of the Court a Clerk's Entry of Default against the Defendants. Dkt. 11. To date, Defendants have failed to file an answer or any other responsive pleading with the Court, nor have Defendants made an appearance in this case. *See United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir. 1992) ("We have not limited the concept of an 'appearance' to those instances in which the party has made a physical appearance in court or has filed a document in the record. Rather, we have required only that the party against whom the default judgment is sought indicate in some way an intent to pursue a defense."). Plaintiff now requests a final default judgment against Defendants in this motion for final default judgment.

### A.     The Court Possesses Jurisdiction

Because Plaintiff sues under 47 U.S.C. §§ 553 and 605, this case presents a federal question. 28 U.S.C. § 1331. Accordingly, the undersigned finds the district court possesses subject-matter jurisdiction over this action.

### B.     Plaintiff Adequately Alleges Violations of 47 U.S.C. §§ 553 and 605

Section 553 prohibits the unauthorized interception of receipt or cable services, whereas Section 605 prohibits same with respect to satellite communications. To prevail under either statute, Plaintiff must prove: (1) the Program was shown in Defendant's commercial establishment; (2) without Plaintiff's authorization; and

(3) Plaintiff was the exclusive licensee. *See J&J Sports Prods., Inc. v. Q Cafe, Inc.*, No. 3:10-CV-02006-L, 2012 WL 215282, at *3 (N.D. Tex. Jan. 25, 2012).

Plaintiff's Complaint adequately alleges violations of Sections 553 and 605. Dkt. 1. Plaintiff also provides evidence in support of its allegations. Dkt. 14-1, at 5-11 (affidavit of Thomas P. Riley detailing licensing scheme and events pleaded in Complaint); *id.*, at 13-26 (containing a copy of the Closed Circuit Television License Agreement and the Copyright Assignment Agreement); *id.*, at 27-33 (declaration of Gary Teeler corroborating Plaintiff's allegations and showing photographic evidence); *id.*, at 35 (showing pricing for the pay-per-view event). To hold Defendants liable for the violations of a limited liability corporation, however, the Court must make additional findings.

Although a court may hold an individual liable for a violation of Sections 553 and 605, it must be shown that the individual possessed: (1) the right and ability to supervise the unauthorized activities of the establishment in those activities; and (2) an obvious and direct financial interest in those activities. *See J & J Sports Prods.*, 2012 WL 215282, at *4. Plaintiff alleges that Martin Herrera was an owner and/or manager of Club Pachanga, had a right and ability to supervise the activities of the Club Pachanga and held an obvious and direct financial interest in the activities of Club Pachanga. Dkt. 1, at 2. Competent evidence cited above supports these allegations. Therefore, the undersigned finds the facts alleged and evidence provided show Herrera, along with the other Defendant, 2120 Pachanga, LLC, violated Sections 553 and 605.

### C. Plaintiff Satisfies Other Default-Judgment Requirements

Plaintiff has established Defendants were properly served and the District Court entered default. Fed. R. Civ. P. 55(a); Dkts. 6, 7, 11. Plaintiff has supplied affidavits attesting, to the best of Plaintiff's knowledge, that no Defendant is a minor or incompetent person. *See* Fed. R. Civ. P. 55(b)(2); Dkt. 9, at 6. Plaintiff has also established that no Defendant is "in military service." 50 U.S.C. § 3931; Dkt. 14-1, at 51-57.

### D. The Court Need Not Hold a Damages Hearing

Plaintiff asks for several categories of damages. First, Plaintiff seeks damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). Each violation of Section 605(e)(3)(C)(i)(II) entitles one to statutory damages between $1,000 and $10,000. For Defendants' violations, Plaintiff requests $10,000 in Section 605(e)(3)(C)(i)(II) damages. Dkt. 14, at 5. Second, Plaintiff asks for damages under 47 U.S.C. § 605(e)(3)(C)(ii), arguing "the minimum amount" of $50,000 "or five times the amount of statutory damages," assuming "$10,000.00 in statutory damages," should be awarded. *Id.*, at 10. Third, Plaintiff requests attorney's fees and costs under Section 605(e)(3)(B)(iii). *Id.*, at 11.

"A default judgment does not establish the amount of damages." *Crawford v. Lee*, No. 3:10-CV-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011). "A defendant's default concedes the truth of the [well-pleaded] allegations of the Complaint concerning the defendant's liability, but not damages*." Ins. Co. of W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). It is the movant's burden to bring forth competent evidence in support of damages.

6

*See Halff Assocs., Inc. v. Warner Pac. Props. L.L.C.*, No. 3-08-CV-574-B, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008). To meet this burden, the movant may submit affidavits and declarations to provide an evidentiary basis. *See id.*; *Gomez v. Managing Innovation & Tech., Inc.*, No. 3:14-CV-936-M, 2015 WL 6150905, at *2 (N.D. Tex. Oct. 15, 2015) (relying on declaration and attorney affidavit to establish damages and fees).

Generally, a court may grant default judgment and determine damages without an evidentiary hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). It is a matter within the court's discretion whether to hold a hearing before awarding damages in a default judgment. Fed. R. Civ. P. 55(b)(2). Here, the undersigned concludes that a hearing is not necessary on the issue of damages. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). "Plaintiff did not request a hearing, but has attached detailed affidavits from which damages can be calculated 'with certainty by reference to the pleadings and supporting documents alone ....'" *Joe Hand Promotions, Inc. v. Mechler*, No. 2:18-CV-053-AM-VRG, 2019 WL 6048032, at *3 (W.D. Tex. July 26, 2019). "Since a hearing would not reveal any additional pertinent information, 'the [C]ourt need not jump through the hoop of an evidentiary hearing.'" *Id.* (quoting *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993)).

Based on the foregoing, the undersigned recommends that the district court award the following damages, fees, and costs: (1) $10,000.00 in statutory damages

under 47 U.S.C. § 605(e)(3)(C)(i)(II) from all Defendants, jointly and severally; (2) $50,000.00 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii) from all Defendants, jointly and severally; and (3) attorney's fees from all Defendants, jointly and severally, in the amount of $1,800.00. The undersigned declines to recommend awarding any post-judgment or appellate fees. Costs should be awarded in accordance with the procedure outlined in the Local Rules for the Western District of Texas.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Final Judgment, Dkt. 14, and **ENTER** Judgment in this case as set forth above.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED December 19, 2022.

                                          DUSTIN M. HOWELL
                                          UNITED STATES MAGISTRATE JUDGE